NO. 07-05-0051-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 4, 2005


______________________________



JORGE VALENCIANA,



 Appellant


V.



HEREFORD BI-PRODUCTS MANAGEMENT, LTD. & HEREFORD BI-PRODUCTS


MANAGEMENT, L.L.C., & GARTH MERRICK, formerly known as and/or


successors in interest to HEREFORD BI-PRODUCTS, INC.,



 Appellees

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B32163-0205; HON. EDWARD LEE SELF, PRESIDING


_______________________________



MEMORANDUM OPINION


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Appellant Jorge Valenciana filed a notice of appeal on February 15, 2004. The
clerk's and reporter's records were due to be filed on or about March 15, 2005. In
response to a letter sent to the clerk requesting the record, the clerk notified this court on
March 14, 2005, that appellant had not filed a written designation of the record. On March
28, 2005, and in response to a letter to the court reporter requesting the record, the
reporter notified this court that appellant had not submitted a written designation for the
record and had not paid or made arrangements to pay for the record. To date, no clerk's
or reporter's records have been received. On April 14, 2005, counsel for appellant was
directed by letter to provide this court with proof that he either paid for the record or made
satisfactory arrangements for payment of the record on or before April 25, 2005. So too
was he told that the failure to comply with the court's directive would result in dismissal. 
The deadline lapsed, and the court simply received, from appellant's counsel, a phone call
notifying the clerk's office that a response was sent on April 25, 2005. Nothing was said
about arrangements having been made regarding payment for the record, despite our
directive. Moreover, we received nothing illustrating that payment for the reporter's record
has been made to or arrangements for its payment have been made with the court reporter. 
 

 Because appellant failed to comply with our April 14th directive, we dismiss the
appeal pursuant to Texas Rule of Appellate Procedure 42.3(b) and (c). 

 

 Per Curiam

 

 



="35" QFormat="true" Name="caption"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0262-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 



DECEMBER 15, 2010

 



 

MULTIPLAN,
INC., APPELLANT

 

v.

 

PRINCIPAL
LIFE INSURANCE CO., APPELLEE 



 



 

 FROM THE 99TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2007-541,633;
HONORABLE WILLIAM C. SOWDER, JUDGE



 



 

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM
OPINION

 

Appellant
Multiplan, Inc. and appellee Principal Life Insurance Company have filed a
joint motion to dismiss this appeal because they have reached a settlement.  The motion is signed by attorneys for both
parties.  Without passing on the merits
of the case, we grant the motion to dismiss pursuant to Rule of Appellate
Procedure 42.1(a)(1) and dismiss the appeal.  Tex. R. App. P. 42.1(a)(1).  Based on the agreement of the parties, costs
of the appeal are taxed against the party incurring them.  Tex. R. App. P. 42.1(d).

Having
dismissed the appeal at the parties request, we will not entertain a motion
for rehearing and will issue our mandate forthwith.

 

James T. Campbell

Justice